Case 1:11-cv-03196-DLI-JO Document 1 Filed 07/05/11 Page 1 of 6 PageID #: 1

SUMMONS ISSUED

CV-11 3196

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 05 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KATHLEEN CRAPANZANO, individually, and
on behalf of all others similarly situated,

                Plaintiff,

-against-

FIRSTSOURCE ADVANTAGE, LLC and DOES 1
through 10, inclusive,

                Defendants.
-----------------------------------------------------------------X

*CLASS ACTION*
*COMPLAINT*

IRIZARRY, J.

ORENSTEIN, M.

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, Firstsource Advantage, LLC alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

2. Plaintiff is a citizen of the State of New York residing in this district.

3. Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692 a(6) with its principal place of business in Amherst, New York.

### JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff to Nordstrom FSB.

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred to and/or assigned to the Defendant for collection.

8. That the Defendant sent the Plaintiff dunning notices on or about November 3, 2010 and on or about December 15, 2010 in an attempt to collect the aforementioned debt.

9. That in response, on or about December 31, 2010, the Plaintiff sent the Defendant a certified letter in which the Plaintiff requested written validation of the debt in accordance with her consumer rights.

10. That in said letter, the Plaintiff informed the Defendant: "If your offices are able to provide the proper documentation as requested, I will require at least thirty days to investigate this information and during such time **all collection activity must cease and desist**." (emphasis added)

11. That in said letter, the Plaintiff also requested that **"no telephone contact be made by [the Defendant] to [the Plaintiff's] home."**

12. That the Defendant received and signed for the Plaintiff's certified letter on or about January 17, 2011.

13. That notwithstanding the Plaintiff's written request for validation, the Defendant failed to provide the Plaintiff with written validation.

14. That following the receipt of Plaintiff's letter, the Defendant continued its collection efforts, sent dunning notices, made telephone calls and left messages for the Plaintiff in an attempt to collect a debt.

15. That the Defendant continued to send the Plaintiff several dunning notices on at least four different dates (on or about January 17, 2011, on or about February 9, 2011, on or about March 4, 2011 and on or about April 13, 2011) in an attempt to collect a debt.

16. That the Defendant called Plaintiff's home on at least three different occasions (on or about January 19, 2011, on or about January 27, 2011 and on or about February 4, 2011)

in an attempt to collect a debt.

17. That in said communications, the Defendant did not advise the Plaintiff that the debt collector's further efforts are being terminated.

18. That in said communications, the Defendant did not notify the Plaintiff that the debt collector or creditor may invoke specific remedies which are ordinarily invoked by such debt collector or creditor or that the debt collector or creditor intended to invoke a specified remedy.

19. That Defendant's actions caused and/or contributed to Plaintiff's stress and aggravation.

20. That said messages constitute violations of 15 U.S.C. §1692c, subsection (c) which prohibits certain communication by a debt collector to a consumer once the consumer has notified the debt collector in writing to cease further communication with the consumer.

21. That upon receipt of the Plaintiff's dispute letter, the Defendant continued its efforts to collect the debt and failed to provide the Plaintiff with written validation in violation of 15 U.S.C. 1692g, subsection (b).

22. That in addition, Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d) and (e) in that the representations made by the Defendant are harassing, confusing, misleading, deceptive, unfair and fail to advise the Plaintiff of her legal rights as required by law.

23. That the Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

24. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff and all members similarly situated for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

25. Plaintiff realleges paragraphs 1 through 24 as if fully restated herein.

26. The first cause of action is brought on behalf of the Plaintiff and the members of a class.

27. The class consists of consumers who received the same telephone messages at issue as did the Plaintiff.

28. The Class consists of all persons whom (a) the Defendant's records reflect resided in the United States who (b) sent written requests for verification and (c) continued to receive communications from the Defendant in an attempt to collect a debt.

29. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that the letters at the heart of this litigation are form letters, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

   (c) The only individual issue is the identification of the consumers who received the communications, (i.e. the class members), a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. Harassing phone calls and letters, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

33. The Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. §1692c by failing to cease further communication with the Plaintiff despite the Plaintiff's written request;

    (b) Defendant violated 15 U.S.C. §1692c by failing to advise the Plaintiff of her rights pursuant to 15 U.S.C. §1692 subsection (c);

    (c) Defendant violated 15 U.S.C. §1692d by placing harassing phone calls to the Plaintiff;

    (d) Defendant violated 15 U.S.C. § 1692e by using deceptive means in an attempt to collect a debt.

**WHEREFORE,** the Plaintiff respectfully prays that judgment be entered against the Defendant in the amount of:

    (a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

    (b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

    (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

Dated: June 21, 2011

__/s/ AJG__
Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
166 Mercer Street, Suite 3A
New York, New York 10012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

__/s/ AJG__
Amir J. Goldstein (AG-2888)